THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ODELL SHEPHARD, Defendant-Appellant.

First District (3rd Division)   No. 86—2593

Opinion filed June 15, 1988.

Paul P. Biebel, Jr., Public Defender, of Chicago (Z. Peter Tokatlian, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Lynda A. Peters, and Charles E. Antonietti, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Defendant Odell Shephard appeals his conviction for child abduction and the three-year prison sentence imposed thereon. He contends that because he was the father of the child, he could not as a matter of law be convicted of the offense.

The relevant facts are not in dispute. The child, Deborah Sanders, was born on October 15, 1982. Defendant and the child's mother were not married and did not live together. Defendant visited the child periodically. On September 29, 1984, during one of the visits, defendant fought with Deborah's mother and then took the child from her mother's home. Defendant was subsequently arrested and charged by indictment with aggravated kidnapping and child abduction. In a bench trial, the court found that defendant was Deborah's father and that he could not be convicted of aggravated kidnapping because an element of that offense is the lack of consent of a parent. (Ill. Rev. Stat. 1985, ch. 38, pars. 10—1(b), 10—2.) The court nevertheless found defendant guilty of child abduction.

Defendant contends that the court's adjudication of paternity for the purposes of the aggravated kidnapping statute shields him from the child abduction conviction as well. We disagree. The child abduction statute in effect at the time of defendant's actions provided

that "a person commits child abduction when he or she removes a child without the consent of the parent or lawful custodian of the child where the person alleges to be a father who has not established paternity of the child or who is not presumed to be the father of the child by operation of law." (Pub. Act 83—1396, eff. Sept. 12, 1984 (amending Ill. Rev. Stat. 1983, ch. 38, par. 10—5(b)(3)).) We believe that the statute's language clearly indicates an intent to punish putative fathers who remove children without first obtaining an adjudication of paternity. At the time he removed Deborah from her mother's home, defendant had neither established paternity nor was presumed by law to be the father of the child. The court's finding of paternity came at defendant's trial, long after the actions at issue, and cannot provide a defense to the child abduction charge.

■ We conclude that defendant, despite being the biological father of Deborah Sanders, was subject to conviction for child abduction because he had not received a judicial determination of paternity at the time he removed the child from her mother's home. Accordingly, we affirm the conviction and sentence entered by the circuit court of Cook County.

Affirmed.

RIZZI and FREEMAN, JJ., concur.